

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| CONNIE REDEAUX | * | CIVIL NO. 6:08-CV-1345 |
| VERSUS | * | JUDGE HAIK |
| SOUTHERN NATIONAL LIFE INSURANCE COMPANY | * | MAGISTRATE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A.    Facts**

This case involves a motion to remand to state district court as well as the applicability of the Employee Retirement Income Security Act of 1974, 19 U.S.C § 1001, et seq ("ERISA") to the insurance policy at issue in the instant action. The sole Defendant named in this lawsuit is Southern National Life Insurance Company, Inc. The sole Plaintiff in this lawsuit is Connie Redaux.

Plaintiff's son, Bryan Redeaux, was employed by Acadiana Wholesale Tobacco (hereon "AWT") when he passed away on March 21, 2002 as a result of an automobile accident. At the time of his death, Mr. Redeaux had a valid life insurance policy as part of AWT's Employee Benefit Plan. Plaintiff Connie Redaux, the named beneficiary on the insurance policy of her deceased son, Bryan Redaux, filed a Petition for Life Benefits entitled "Connie Redaux v. Southern National Life Ins. Co., et al" in the 15th JDC bearing Civil Docket No. 2003-2455-J.

1

Defendant, through their attorney of record filed a Petition for Removal and the Removal Order was filed and signed by the United States Magistrate Judge on September 10, 2008. [Court Doc. 3]. Defendant's Petition for Removal was based on the original jurisdiction of the United States District Court for this claim pursuant to ERISA and that there exists a question of federal law.

Plaintiff subsequently filed a Motion to Remand this civil action to State District Court alleging this Court does not have valid federal subject matter jurisdiction for the following reasons: (1) The life insurance policy of Plaintiff's deceased son is not a "plan" as required to be governed by ERISA and, therefore, is not preempted by ERISA, (2) The total value of Mr. Redeaux's insurance policy is $20,000.00, far less than the $75,000.00 federal amount in controversy threshold necessary to confer valid subject matter jurisdiction upon this Court pursuant to 28 U.S.C. § 1332 and, (3) Defendant has not presented evidence to this Court sufficient to preserve its removal of this civil matter from State District Court. Defendant subsequently filed an Opposition to Plaintiff's Motion to Remand asserting the insurance policy at issue is governed by ERISA thereby presenting a federal question and, thus, conferring valid subject matter jurisdiction upon this Court.

## B.  Plaintiff's Contentions

Plaintiff argues that, pursuant to 28 U.S.C. § 1332, the $75,000.00 threshold amount in controversy requirement necessary for this Court to confer federal subject matter jurisdiction has not been met. Plaintiff directs this Court to Paragraph No. 7 of her petition which states the face value of the insurance policy at issue was "$10,000.00 plus an additional $10,000.00 in double indemnity for the insured's accidental death" for a total amount in controversy of a maximum of

$20,000.00 as to this civil action. In addition, Plaintiff directs this Court to Paragraph No. 4 of Defendant's Answer [Court Doc. No. 4] in which he states and admits that the policy at issue "provided death benefits in the amount of $10,000.00 and Accidental Death Benefits in the amount of $10,000.00" therefore confirming that the amount in controversy in this civil action is less than the $75,000.00 statutorily mandated threshold. NOTE: "AD&D" hereon denotes "Accidental Death & Death."

Plaintiff further argues the Redeaux life insurance policy at issue in this case is *not* an ERISA "plan" because it falls within the "safe-harbor" provision of the three-part test stated in *Meredith v. Time Ins.Co.*, 980 F.2d 352 (5th Cir. 1993). Specifically, Plaintiff argues the insurance policy is not an ERISA plan because (a) the policy was paid exclusively by the deceased insured, Bryan Redeaux, and not paid by the employer, Acadia Wholesale Tobacco, (b) the participation by each employee was voluntary as to each employee's participation and, (c) the employer did not pay or contribute to the life insurance premiums for the policy at issue. Plaintiff asserts the employer merely collect the premiums for the insurer via payroll deductions from each employee. In support of these arguments, Plaintiff directs this Court to the Affidavit of Connie Redeaux, (Exhibit "A") which allegedly verifies Plaintiff's allegations that the life insurance policy in question falls within the safe-harbor provision of the *Meredith* test and, therefore, is not an ERISA qualified plan. Accordingly, Plaintiff argues there exists no federal question or ERISA claim.

Lastly, Plaintiff notes that, "In motions to remand, the removing party bears the burden of proving that federal jurisdiction is present and that the removal was proper." *Manguno v. Prudential Prop. And Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R&H Oil and Gas*

3

_Co._, 63 F.3d 1326 (5th Cir. 1995); _DeAguilar v. Boeing Co._, 11 F.3d 55 (5th Cir. 1993). Plaintiff asserts Defendant has not presented evidence to this Court sufficient to preserve its removal of this civil matter from State District Court. Additionally, Plaintiff asserts she has only alleged state law claims in her petition and does not state any federal law claims. Accordingly, Plaintiff argues this civil matter should be remanded back to State District Court since her petition does not state a federal claim and, therefore, does not satisfy the "well-pleaded complaint rule."

## C. Defendant's Contentions

Defendant asserts that, if this action arises under ERISA, it thus states a federal question and valid subject matter jurisdiction exists. _E.I. DuPont de Nemours & Co. v. Sawyer_, 517 F.3d 785, 983 (5th Cir. (Tex.), February 15, 2008). Defendant asks this Court to note Part II. A. of Plaintiff's Memorandum in Support of Plaintiff's Motion for Remand to State District Court in which Plaintiff acknowledged the jurisdiction of this Court over ERISA claims.

Defendant further asserts the insurance policy at issue is clearly governed by ERISA and therefore properly confers federal question jurisdiction upon this Court by virtue of ERISA being a federal act.

Lastly, Defendant notes that Plaintiff's sole assertion in support of her argument that the life insurance plan is not an employee benefit plan rests on the Affidavit of Mrs. Connie Redeaux (Plaintiff) which essentially states Ms. Redeaux's belief that the employer had no role in the plan. In support of this argument, Defendant directs this Court to **Exhibit #1**, the Affidavit of Geraldine Burnstein, which identifies and authenticates certain documents concerning the Employee Benefit Plan Established by Church Point Wholesale Grocers (hereon "CPWG"), the

predecessor to Acadia Wholesale Tobacco (hereon "AWT"). The affidavit of Ms. Burnstein includes a number of authenticated documents which demonstrate the establishment of the Plan by Employer for its employees and the continuing maintenance and management by the employer.

Defendant notes that when the Employee Benefit Plan was established, it was to be effective on January 1, 1994 (Exhibit #1, A) and included only health benefits. The employer, then CPWG, selected the benefits, deductibles, and co-payment amounts and set the eligibility requirements. This was before Mr. Redeaux when to work for the company.

Defendant further directs this Court to **Exhibit #1, B** which is the original application for Group Life Insurance. Defendant contends the application shows CPWG subsequently added and applied for a group life policy for its employees in September 1994, to be effective November 1, 1994. Again, the employer set the benefit eligibility requirements and the extension of benefits to dependents. Defendant asserts the employer determined that the employer would pay 100% of the cost of both the life and AD&D. **(Exhibit #1, B, Section 4)**. It is Defendant's belief that, at least, when the ERISA plan was established, the employees did not pay for life or AD&D coverage. In 1999, CPWG requested a proposal to add a Short Term Disability for its employees in which CPWG again specified what the coverage would entail and how Life and AD&D would be affected. **(Exhibit #1, C)**. In January 2000, CPWG changed the schedule for life benefits **(Exhibit #1, D)**. Defendant further notes that, in 2001, CPWG again made changes to its ERISA plan. Those changes did not impact the Life and AD&D benefits **(Exhibit #1, E)**. In September of that year, the name of the employer changed from Churchpoint Wholesale Grocery to Acadia Wholesale Tobacco, Inc. Effective February 1, 2002, AWT

amended it Employee Group Benefit Plan to put office and managerial employees in a separate department. (**Exhibit #1, G**). The employer continued to pay 100% of covering employees, but only 0% of the cost of covering dependents. Pertinent invoices sent to Defendant-Insurer by AWT in February 2002 (due March 1, 2002) and March of 2002 (due April 1, 2002) (**Exhibit #1, H and #1, I**) show the employer, AWT, was billed for the Benefit Plan, *not* the employees. Mr. Redeaux's name is on both invoices; however, on the second invoice, Mr. Redeaux was labeled by the employer as a "NLE" (No longer eligible). The premium for this coverage was then subtracted from the total due and paid. (**Exhibit #1, I**).

In order to support the aforementioned contentions, Defendant argues CPWG, and then AWT, established an Employee Benefit Plan for its employees which included health and benefit components. The employer continued to manage the plan throughout – from its inception with Blue Cross and Southern National Life Insurance Company in 1994 through Mr. Redeaux's death. On all documents relative to the plan, the employer asserted that is was paying 100% of the premiums for the coverage of its employees.

Lastly, Defendant directs this Court to **Exhibit #2**, the Group Life Policy issued to Church Point Wholesale Grocery/Acadia Wholesale and Tobacco, Inc. in which Mr. Redeaux was a certificate holder. Defendant asserts this Group Term Life certificate clarifies several contested issues subject to the instant action. They are as follows:

(1) The policy holder is Church Point Wholesale Grocery, not Mr. Redeaux;
(2) The Schedule of Benefits states that it is "Non-Contributory," i.e.- Mr. Redeaux paid nothing.
(3) The policy clearly tells the participant employee how he may convert to an individual life policy. (**Page 13**).
(4) The certificate specifically states that it is subject to ERISA. (**Page 33**)

In view of the aforementioned contentions, Defendant respectfully asks this Court to deny Plaintiff's Motion to Remand.

**D.      Analysis**

In motions to remand, the removing party bears the burden of proving that federal jurisdiction is present and that the removal was proper. *Manguno v. Prudential Prop. And Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993). Accordingly, Defendant Southern National Life Insurance Co. must establish the existence of federal jurisdiction and that removal was proper in order to defeat Plaintiff's Motion to Remand.

In order for Plaintiff to prevail in her Motion to Remand, she must establish that removal jurisdiction by Defendant is improperly based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq and federal question jurisdiction, 28 U.S.C. § 1331. Specifically, Plaintiff must establish (a) that the insurance policy in question is not an ERISA "qualified plan" or (b) that "the plan falls within the safe-harbor provision (to ERISA) as promulgated by the Dept. of Labor." *Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993).

The overriding question in this case is whether the insurance policy at issue is governed by ERISA or not. The clear and unambiguous language of ERISA states, in pertinent part:

> Any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with clear Congressional intent to make the ERISA remedy exclusive and is therefore preempted. Employee Retirement Income Security Act of 1974, § 502(a), 29 U.S.C.A. § 1132(a).

If this action arises under ERISA, it thus states a federal question and subject matter jurisdiction exists. *E.I DuPont de Nemours & Co. V. Sawyer*, 517 F.3d 785, 183 L.R.R.M (BNA) 2769, 55

7

Lab.Cas.P 60,566, 43 Employee Benefits Cas. 2015 (5th Cir.(Tex.) Feb 15, 2008). In order to determine whether the insurance policy at issue qualifies as a "plan" under ERISA, the Fifth Circuit's three-part test originally stated in *Meredith v. Time Ins. Co.*, 980 F.2d. 352 (5th Cir. 1993) must be applied to the instant case. The *Meredith* test states, "to be an ERISA plan, the arrangement must be:

(1) a plan,
(2) not excluded from ERISA coverage by the safe harbor provisions established by the Department of Labor, and
(3) established or maintained by the employer with the intent to benefit the employees."

The second prong of the *Meredith* test asks "whether the plan falls within the safe harbor provision promulgated by the Department of Labor." *Meredith*, 980 F.2d at 355. The federal courts have stated that this "safe-harbor" exemption provides that a plan is *not* an ERISA plan if:

(1) "The employer does not contribute to the plan;
(2) Participation is voluntary;
(3) The employer's role is limited to collecting premiums and remitting them to the insurer; and
(4) The employer received no profit from the plan." *Id*.

Plaintiff's sole argument for remanding this case is that the policy in question was paid *exclusively* by the insured, Bryan Redeaux, thereby triggering the ERISA safe-harbor provision. In support of this argument, Plaintiff submits her own sworn affidavit (Exhibit A, Affidavit of Connie Redeaux) which states her belief that her son's employer, Acadia Wholesale Tobacco (previously named Church Point Wholesale Grocery), had no role in Mr. Redeaux's plan. In opposition to Plaintiff's affidavit, Defendant directs this Court to Exhibit 1, the Affidavit of Geraldine Burnstein, a Group Tech in the Group Membership & Billing Department of Blue Cross and Blue Shield of Louisiana. Blue Cross and Blue Shield of Louisiana is the parent

8

company of Defendant Southern National Life Insurance Co. Among other things, Ms. Burnstein's affidavit includes evidence which conclusively shows that Mr. Redeaux's policy is an ERISA plan as contemplated in *Meredith*. Specifically, the Burnstein affidavit shows that Mr. Redeaux's policy:

> (1) was a plan (Exhibit 1, A),
> (2) that CPWG and later AWT contributed to the plan thereby precluding an application of the ERISA safe-harbor provision and (Exhibits 1G, 1H, & 1I), and
> (3) the policy was made to benefit the deceased insured, Mr. Redeaux. (Exhibits 1A - 1I).

Furthermore, the deceased's Group Life Policy itself (Exhibit 2) clarifies the following issues:

> (1) The policy holder is Church Point Wholesale Grocery, not Mr. Redeaux;
> (2) The policy clearly tells the participant employee how he may convert to an individual life policy. (Exhibit 2, Pg. 13).
> (3) The certificate specifically states that it is subject to ERISA. (Exhibit 2, Pg 33)

Upon review of the evidence from both parties and application of this evidence to the *Meredith* test, it is clear that (1) Church Point Wholesale Grocery's Blue Cross Blue Shield application for Comprehensive Group Coverage (Exhibit 1, A) amounts to a "plan," (2) the arrangement between Mr. Redeaux and his employer is not excluded from ERISA coverage as evidenced by the employer's contributions to the plan thereby precluding an application of the ERISA safe-harbor provision and (Exhibits 1G, 1H, & 1I) and, (3) Mr. Redeaux's life insurance policy was clearly established and maintained by his employer with the intent to benefit him, specifically, to provide life insurance benefits to Mr. Redeaux and his named beneficiaries. (Exhibits 1A-1I). Accordingly, the Court determines that the benefits Plaintiff seeks in the instant action arise under a qualified ERISA plan as contemplated in *Meredith*. Given the

instant action clearly arises under ERISA, it thus states a federal question and subject matter jurisdiction exists. Accordingly, Defendant's burden to establish the existence of federal jurisdiction and that removal was proper has been satisfied. The statements made in Plaintiff's own self-serving affidavit state her *belief* that her deceased son's insurance policy is not governed by ERISA. Plaintiff directs this Court to no other evidence aside from the unpersuasive conclusory statements in her own affidavit. By comparison, Defendant's affidavit directs this Court to several certified documents entered into evidence, all of which establish that Mr. Fedeaux's insurance policy is, in fact, governed by ERISA. In light of this overwhelming evidence, this Court has no choice but to deny Plaintiff's Motion to Remand.

### E. Conclusion

Based on the aforementioned facts in this case, it is clear Defendant Southern National Life Insurance Co. has met their burden of proving that federal jurisdiction is present and that removal from the 15th JDC to the United States Western District of Louisiana was proper.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Motion to Remand [Court Doc. #6] is **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 20th day of November, 2008

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA