RECEIVED
DEC 3 0 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| CONNIE REDEAUX | * | CIVIL NO. 6:08-CV-1345 |
| VERSUS | * | CHIEF JUDGE HAIK |
| SOUTHERN NATIONAL LIFE INSURANCE COMPANY | * | MAGISTRATE METHVIN |

*****************************************************************

## REASONS FOR JUDGMENT

*****************************************************************

**A.   Facts**

This case involves a motion to remand to state district court as well as the applicability of the Employee Retirement Income Security Act of 1974, 19 U.S.C § 1001, et seq to the insurance policy at issue in the instant action. The sole Defendant named in this lawsuit is Southern National Life Insurance Company, Inc . The sole Plaintiff in this lawsuit is Connie Redeaux.

Plaintiff's son, Bryan Redeaux, was employed by Acadiana Wholesale Tobacco (hereon "AWT") when he passed away on March 21, 2002 as a result of an automobile accident. At the time of his death, Mr. Redeaux had a valid life insurance policy as part of AWT's Employee Benefit Plan. Plaintiff Connie Redaux, the named beneficiary on the insurance policy of her deceased son, Bryan Redeaux, filed a Petition for Life Benefits entitled "Connie Redeaux v. Southern National Life Ins. Co., et al" in the 15th JDC bearing Civil Docket No. 2003-2455-J.

Defendant, through its attorney of record, filed a Petition for Removal and the Removal Order was signed and filed by the United States Magistrate Judge on September 10, 2008. [Court

Doc. 3]. Defendant's Petition for Removal was based on the original jurisdiction of the United States District Court pursuant to ERISA.

Plaintiff subsequently filed a Motion to Remand this civil action to state district court alleging this Court does not valid federal subject matter jurisdiction for the following reasons: (1) The life insurance policy of Plaintiff's deceased son is not a "plan" as required to be governed by ERISA and, therefore, is not preempted by ERISA, (2) The total value of Redeaux's insurance policy is $20,000.00, far less than the $75,000.00 federal amount in controversy threshold necessary to confer valid subject matter jurisdiction upon this Court pursuant to 28 U.S.C. § 1332 and, (3) Defendant has not presented evidence to this Court sufficient to preserve its removal of this civil matter from State District Court. Defendant subsequently filed an Opposition to Plaintiff's Motion to Remand asserting the insurance policy at issue is governed by ERISA, thereby presenting a federal question which confers valid subject matter jurisdiction upon this Court.

## B. Plaintiff's Contentions

Plaintiff argues that, pursuant to 28 U.S.C. § 1332, the $75,000.00 threshold amount in controversy requirement necessary for this Court to confer federal subject matter jurisdiction has not been met. Plaintiff directs this Court to Paragraph No. 7 of her petition which states the face value of the insurance policy at issue was "$10,000.00 plus an additional $10,000.00 in double indemnity for the insured's accidental death" for a total amount in controversy of a maximum of $20,000.00. In addition, Plaintiff directs this Court to Paragraph No. 4 of Defendant's Answer [Court Doc. No. 4] in which it states and admits that the policy at issue "provided death benefits in the amount of $10,000.00 and Accidental Death Benefits in the amount of $10,000.00," therefore confirming that the amount in controversy in this civil action is less than the

$75,000.00 statutorily mandated threshold.

Plaintiff further argues the Redeaux life insurance policy at issue in this case is *not* an ERISA "plan" because it falls within the "safe-harbor" provision of the three-part test stated in *Meredith v. Time Ins.Co.*, 980 F.2d 352 (5th Cir. 1993). Specifically, Plaintiff argues the insurance policy is not an ERISA plan because (a) the policy was paid exclusively by the deceased insured, Bryan Redeaux, and not paid by the employer, Acadia Wholesale Tobacco, (b) the participation by each employee was voluntary as to each employee's participation and, (c) the employer did not pay or contribute to the life insurance premiums for the policy at issue. Plaintiff asserts the employer merely collects the premiums for the insurer via payroll deductions from each employee. In support of these arguments, Plaintiff directs this Court to the Affidavit of Connie Redeaux, (Exhibit "A"), which allegedly verifies Plaintiff's allegations that the life insurance policy in question falls within the safe-harbor provision of the *Meredith* test and, therefore, is not an ERISA qualified plan. Accordingly, Plaintiff argues there exists no federal question since there, allegedly, is no ERISA claim.

Lastly, Plaintiff notes that, "In motions to remand, the removing party bears the burden of proving that federal jurisdiction is present and that the removal was proper." *Manguno v. Prudential Prop. And Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993). Plaintiff asserts Defendant has not presented evidence to this Court sufficient to preserve its removal of this civil matter from State District Court. Additionally, Plaintiff asserts she has only alleged state law claims in her petition and does not state any federal law claims. Accordingly, Plaintiff argues this civil matter should be remanded to State District Court since her petition does not state a federal claim and, therefore, does not satisfy the "well-pleaded complaint rule."

## C. Defendant's Contentions

Defendant asserts that, if this action arises under ERISA, it states a federal question and valid subject matter jurisdiction exists. *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 1983 (C.A.5 (Tex.), February 15, 2008. Defendant asks this Court to note Part II. A. of Plaintiff's Memorandum in Support of Plaintiff's Motion for Remand to State District Court in which Plaintiff acknowledged the jurisdiction of this Court over ERISA claims.

Defendant further asserts the insurance policy at issue is clearly governed by ERISA and therefore properly confers federal question jurisdiction upon this Court by virtue of ERISA being a federal act.

Lastly, Defendant notes that Plaintiff's sole assertion in support of her argument that the life insurance plan is not an employee benefit plan rests on the Affidavit of Plaintiff Connie Redeaux which essentially states her belief that the employer had no role in the plan. In support of this argument, Defendant directs this Court to Exhibit #1 of Defendant's Memorandum in Opposition to Motion to Remand [Court Doc. 10], the Affidavit if Geraldine Burnstein, which identifies and authenticates certain documents concerning the Employee Benefit Plan Established by Church Point Wholesale Grocers ("CPWG"), the predecessor to Acadia Wholesale Tobacco ("AWT"). The affidavit of Ms. Burnstein includes a number of authenticated documents which demonstrate the establishment of the Plan by Employer for its employees and the continuing maintenance and management by the employer.

Defendant notes that, when the Employee Benefit Plan was established, it was to be effective on January 1, 1994 (Exhibit #1-A) and included only health benefits. The employer, then CPWG, selected the benefits, deductibles, and co-payment amounts and set the eligibility requirements. This was before Mr. Redeaux began working for the company.

Defendant further directs this Court to Exhibit #1-B which is the original application for Group Life Insurance. Defendant contends the application shows CPWG subsequently added and applied for a group life policy for its employees in September 1994, to be effective November 1, 1994. Again, the employer set the benefit eligibility requirements and the extension of benefits to dependents. Defendant asserts the employer determined that the it would pay 100% of the cost of both the Life and Accidental Death & Death. (Exhibit #1-B, Section 4). It is Defendant's belief that, at least, when the ERISA plan was established, the employees did not pay for Life or AD&D coverage. In 1999, CPWG requested a proposal to add a Short Term Disability for its employees in which CPWG again specified what the coverage would entail and how Life and AD&D would be affected. (Exhibit #1-C). In January 2000, CPWG changed the schedule for life benefits (Exhibit #1- D). Defendant further notes that, in 2001, CPWG again made changes to its ERISA plan. Those changes did not impact the Life and AD&D benefits (Exhibit #1-E). In September of that year, the name of the employer changed from Chuchpoint Wholesale Grocery to Acadia Wholesale Tobacco, Inc. Effective February 1, 2002, AWT amended it Employee Group Benefit Plan to place office and managerial employees in a separate department. (Exhibit #1, G). The employer continued to pay 100% of the cost to cover employees, but only 10% of the cost to cover dependents. Pertinent invoices sent to Defendant-Insurer by AWT in February 2002 (due March 1, 2002) and March of 2002 (due April 1, 2002) (Exhibit #1-H and #1-I) show the employer, AWT, was billed for the Benefit Plan, *not* the employees. Mr. Redeaux's name is on both invoices; however, on the second invoice, Mr. Redeaux was labeled by the employer as a "NLE" (No longer eligible). The premium for his coverage was then subtracted from the total due and paid. (Exhibit #1-I).

In order to support the aforementioned contentions, Defendant argues CPWG, and then

AWT, established an Employee Benefit Plan for its employees which included health and benefit components. The employer continued to manage the plan throughout – from its inception with Blue Cross and SNL in 1994 through Mr. Redeaux's death. On all documents relative to the plan, the employer asserted that it was paying 100% of the premiums for the coverage of its employees.

Lastly, Defendant directs this Court to Exhibit #2, the Group Life Policy issued to Church Point Wholesale Grocery/Acadia Wholesale and Tobacco, Inc. in which Mr. Redeaux was a certificate holder. Defendant asserts this Group Term Life certificate clarifies several contested issues subject to the instant action. They are as follows:

(1) The policy holder is Church Point Wholesale Grocery, not Mr. Redeaux;
(2) The Schedule of Benefits states that it is "Non-Contributory," i.e.- Mr. Redeaux paid nothing.
(3) The policy clearly tells the participant employee how he may convert to an individual life policy. **(Page 13)**.
(4) The certificate specifically states that it is subject to ERISA. **(Page 33)**

In view of the aforementioned contentions, Defendant respectfully asks this Court to deny Plaintiff's Motion to Remand.

### D.     Analysis

In motions to remand, the removing party bears the burden of proving that federal jurisdiction is present and that the removal was proper. *Manguno v. Prudential Prop. And Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993). Accordingly, Defendant Southern National Life Insurance Co. must establish the existence of federal jurisdiction and that removal was proper in order to defeat Plaintiff's Motion to Remand.

In order for Plaintiff to prevail in her Motion to Remand, she must establish that removal

jurisdiction by Defendant is improperly based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Specifically, Plaintiff must establish (a) that the insurance policy in question is *not* an ERISA "qualified plan" or (b) that "the plan falls within the safe-harbor provision (to ERISA) as promulgated by the Department of Labor." *Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993).

The overriding question in this case is whether the insurance policy at issue is governed by ERISA or not. The clear and unambiguous language of ERISA states, in pertinent part:

> Any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with clear Congressional intent to make the ERISA remedy exclusive and is therefore preempted. Employee Retirement Income Security Act of 1974, § 502(a), 29 U.S.C.A. § 1132(a).

"If this action arises under ERISA, it thus states a federal question and subject matter jurisdiction exists." *E.I DuPont de Nemours & Co. V. Sawyer*, 517 F.3d 785, 183 L.R.R.M (BNA) 2769, 55 Lab.Cas.P 60,566, 43 Employee Benefits Cas. 2015 (5th Cir.(Tex.) Feb 15, 2008). In order to determine whether the insurance policy at issue qualifies as a "plan" under ERISA, the Fifth Circuit's three-part test originally stated in *Meredith v. Time Ins. Co.*, 980 F.2d. 352 (5th Cir. 1993) must be applied to the instant case. The *Meredith* test states, "to be an ERISA plan, the arrangement must be:

(1) a plan,
(2) not excluded from ERISA coverage by the safe harbor provisions established by the Department of Labor, and
(3) established or maintained by the employer with the intent to benefit the employees."

The second prong of the *Meredith* test asks "whether the plan falls within the safe harbor provision promulgated by the Department of Labor." *Meredith*, 980 F.2d at 355. The federal courts have stated that this "safe-harbor" exemption provides that a plan is not an ERISA plan if:

(1) "The employer does not contribute to the plan;
(2) Participation is voluntary;
(3) The employer's role is limited to collecting premiums and remitting them to the insurer; and
(4) The employer received no profit from the plan." *Id.*

Plaintiff's argument that, pursuant to 28 U.S.C. § 1332, the $75,000 threshold amount in controversy requirement has not been met is inapplicable. This case centers around a benefit plan governed by ERISA which confers valid federal question jurisdiction pursuant to 28 U.S.C. § 1331 not 28 U.S.C. § 1332.

Plaintiff's sole remaining argument for remanding this case is that the policy in question was paid *exclusively* by the insured, Bryan Redeaux, thereby triggering the ERISA safe-harbor provision. In support of this argument, Plaintiff submits her own sworn affidavit (Exhibit A, Memorandum in Support of Plaintiff's Motion For Remand to State District Court, Affidavit of Connie Redeaux) which states her belief that her son's employer, Acadia Wholesale Tobacco (AWT), previously named Church Point Wholesale Grocery (CPWG), had no role in Mr. Redeaux's plan. In opposition to Plaintiff's Affidavit, Defendant directs this Court to Exhibit 1, the Affidavit of Geraldine Burnstein, a Group Tech in the Group Membership & Billing Department of Blue Cross and Blue Shield of Louisiana, parent company of Defendant Southern National Life Insurance Co. Among other things, Ms. Burnstein's affidavit includes evidence which conclusively shows that Mr. Redeaux's policy is an ERISA plan as contemplated in *Meredith*. Specifically, the Burnstein affidavit shows that Mr. Redeaux's policy:

(1) was a plan (Exhibit 1, A),
(2) that CPWG and later AWT contributed to the plan thereby precluding an application of the ERISA safe-harbor provision and (Exhibits 1G, 1H, & 1I), and
(3) the policy was made to benefit the deceased insured, Mr. Redeaux. (Exhibits 1A - 1I).

Furthermore, the deceased's Group Life Policy itself (Exhibit 2) clarifies the following issues:

(1) The policy holder is Church Point Wholesale Grocery, not Mr. Redeaux;
(2) The policy clearly states how the participant employee may convert to an individual life policy. (Exhibit 2, Pg. 13).
(3) The certificate specifically states that it is subject to ERISA. (Exhibit 2, Pg 33)

The statements made in Plaintiff's own self-serving affidavit state her *belief* that her deceased son's insurance policy is not governed by ERISA. Plaintiff directs this Court to no other evidence aside from the unpersuasive conclusory statements in her own affidavit. By comparison, Defendant's affidavit directs this Court to several certified documents entered into evidence, all of which establish that Mr. Redeaux's insurance policy is, in fact, governed by ERISA. Upon review of the evidence from both parties, and application of this evidence to the *Meredith* test, the Court finds that (1) Church Point Wholesale Grocery's Blue Cross Blue Shield application for Comprehensive Group Coverage amounts to a "plan," (2) the arrangement between Mr. Redeaux and his employer is not excluded from ERISA coverage as evidenced by the employer's contributions to the plan which preclude an application of the ERISA safe-harbor provision and, (3) Mr. Redeaux's life insurance policy was clearly established and maintained by his employer with the intent to benefit him by providing life insurance benefits to Mr. Redeaux and his named beneficiaries. Accordingly, it is hereby held that the benefits sought by Plaintiff in the instant action arise under a qualified ERISA plan as contemplated in *Meredith v. Time Ins. Co.*, 980 F.2d. 352 (5th Cir. 1993). Given the instant action clearly arises under ERISA, it states a federal question and subject matter jurisdiction exists. Accordingly, Defendant's burden to establish the existence of federal jurisdiction for proper removal has been satisfied. In light of this overwhelming evidence Plaintiff's Motion to Remand is DENIED.

## E. Conclusion

Based on the facts and evidence presented, it is clear Defendant Southern National Life Insurance Co. has met its burden of proving the existence of federal jurisdiction and proper removal from the 15th Judicial District Court to the United States District Court for the Western District of Louisiana was proper.

Accordingly, the Motion to Remand [Court Doc. #6] is **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 29 day of December, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA